```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                         :
CYNTHIA HRNYAK,                          :      CASE NO. 1:08-CV-2642
                                         :
         Plaintiff,                      :
                                         :
vs.                                      :      ORDER & OPINION
                                         :      [Resolving Doc. No. 41]
MID-WEST NATIONAL LIFE                   :
INSURANCE CO. OF TENNESSEE,              :
                                         :
         Defendant.                      :
                                         :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Mid-West National Life Insurance Company of Tennessee ("Mid-West") moves this Court to dismiss the first amended complaint filed by Plaintiff Hrnyak. [Doc. 41.] Plaintiff Hrnyak opposes the Defendant's motion. [Doc. 43] For the following reasons, the Court **DENIES** the Defendant's motion to dismiss.

I.  Background

On November 7, 2008, Plaintiff Cynthia Hrnyak filed a complaint on behalf of herself and all others similarly situated against Defendant Mid-West National Life Insurance Company of Tennessee. [Doc. 1.] Plaintiff later filed a first amended complaint. [Doc. 37.] In the amended complaint, Plaintiff Hrnyak seeks to bring a class action against Defendant Mid-West for breach of contract, unjust enrichment, and violation of the duty of good faith and fair dealing.[1]

On May 16, 1998, Plaintiff Hrnyak purchased a vehicle from an auto dealer, and financed the vehicle through a bank. On the same day, the Plaintiff purchased a credit insurance policy from

---

[1] Plaintiff Hrnyak has since dropped her claim for violation of the duty of good faith and fair dealing. [Doc. 43 at 19.]

-1-

Case No. 1:08-CV-2642
Gwin, J.

Defendant Mid-West for a one-time premium of $1,275.51. As part of the insurance contract, if the automobile loan were terminated early, such as through prepayment of the loan, Plaintiff Hrnyak was entitled to a refund of the unearned premium. Hrnyak allegedly paid her loan in full before it expired and claims to be entitled to a return of the unearned premium. To date, Defendant Mid-West has not returned the unearned premium to the Plaintiff.

The Plaintiff asserts that Defendant Mid-West possesses information from sources such as credit reporting agencies, lenders, banks, and Mid-West's own agents, enabling the Defendant to ascertain which policyholders caused early termination of their loans and are therefore owed a refund of the unearned premium. Plaintiff Hrnyak argues that Mid-West's failure to refund such unearned premiums after early termination of the loans breaches an express obligation in the credit insurance policy and Ohio statutory provisions that are incorporated in the policy. Alternatively, Plaintiff Hrnyak asserts a claim for unjust enrichment based on the same conduct.

In its answer to the first amended complaint, Defendant Mid-West states that it has not been provided information that Plaintiff Hrnyak's loan was prepaid in full, or when it was so prepaid, and therefore the Defendant admits it has not yet returned any unearned premium to the Plaintiff. [Doc. 42 at 4.]

Under Fed.R.Civ.P. 12(b)(6), Defendant Mid-West then filed the instant motion to dismiss the first amended complaint, for failure to state a claim upon which relief can be granted. In its motion, Defendant Mid-West acknowledges that the insurance policy Certificate states that a refund of unearned premiums will be issued:

> In case of termination prior to the Termination Date of Insurance, except as otherwise provided by law, a refund of unearned premium paid by or charged to the Insured Debtor will be made by the Creditor.

Case No. 1:08-CV-2642
Gwin, J.

[Doc. 37, Ex. 1 at 1.] However, the Defendant also points to the following language in the Certificate that requires notice for a refund payment:

> This Certificate will cease to be in force if [Plaintiff] terminates the underlying debt before the scheduled maturity date . . . Upon termination of this Certificate, [Mid-West] will, upon the Creditor Beneficiary's written request or surrender of this Certificate, refund the unearned premiums to the persons entitled to such refund.

[Doc. 37, Ex. 1 at 3.] The Defendant says that the plain terms of the policy Certificate require that Mid-West first receive notice before the obligation to refund arises. Mid-West contends that this notice provision serves as a condition precedent to the insurer's performance. [Doc. 41 at 4.] To this day, the Defendant claims it has no confirmation of or details regarding the Plaintiff's early termination of her loan, information that the Defendant asserts is within the Plaintiff's and her creditor's knowledge and control. [Id. at 5-6.] Indeed, Defendant Mid-West claims that it intends to refund the unearned premium if provided with the necessary notice, confirming the date and amount of the Plaintiff's early termination. [Id. at 6 n.4.] Thus, Mid-West argues, the breach of contract claim fails because the Plaintiff has not complied with the notice provision and so Mid-West has not failed in its obligation to refund the unearned premium.

Further, Defendant Mid-West argues that the Plaintiff's unjust enrichment claim fails because it is not cognizable under Ohio law. [Id. at 6.] The Defendant argues, "Unjust enrichment theories are based on quasi-contract, and Ohio law does not allow recovery based on a quasi-contractual theory when a valid, express agreement governs the subject matter of the parties' dispute." [Id. (citing *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, 554 F.Supp.2d 821, 827-28 (S.D. Ohio 2008)).] Because the Plaintiff admits that the Certificate is a valid and enforceable insurance contract and the Plaintiff asserts a breach of contract claim, Mid-West argues the Plaintiff cannot also assert

Case No. 1:08-CV-2642
Gwin, J.

a quasi-contractual claim of unjust enrichment.

In opposing the motion to dismiss, Plaintiff Hrnyak challenges the Defendant's assertion that the notice provision in the Certificate operated as a condition precedent to the refund of unearned premiums. Plaintiff Hrnyak contends that the Certificate language in question is inconsistent with Ohio statutory law, specifically O.R.C. §§ 3918.05 and 3918.08, which govern refunds of unearned premiums. [Doc. 43 at 3-4.] In discussing the dates of coverage of insurance policies, O.R.C. § 3918.05 states that "[i]n all cases of termination prior to scheduled maturity, a refund shall be paid or credited as provided in section 3918.08 of the Revised Code." O.R.C. § 3918.05. The second provision further specifies:

> Each individual policy, group certificate, or notice of proposed insurance shall provide that in the event of termination of the insurance prior to the scheduled maturity date of the indebtedness, any refund of an amount paid by the debtor for insurance shall be paid or credited promptly to the person entitled thereto . . . .

O.R.C. § 3918.08(B). The Plaintiff argues that through the use of the term "shall" in these provisions, the Ohio legislature "unequivocally chose to make the refund mandatory and unconditional." [Doc. 43 at 4.] Further, Plaintiff Hrnyak argues that because the statute applies in "all cases," the Ohio law leaves no opportunity for exceptions such as those based on conditions created by insurance companies. [Id.] Because the statutory laws are controlling and the contract must be "amended to conform" to the laws of Ohio, the Plaintiff believes the refund is mandatory without any condition precedent. [Id. at 4-5.]

The Plaintiff continues to challenge the Defendant's assertion that the notice provision in the contract functioned as a condition precedent by arguing that, taken as a whole, the contract is ambiguous on the issue. [Id. at 5.] "Three of the contract provisions [regarding refunds] are

-4-

Case No. 1:08-CV-2642
Gwin, J.

unconditional and consistent with the statutory law. The fourth is hand-picked by defendant as controlling; contradicts statutory law; and renders the contract ambiguous at best." [Id. at 8.] Plaintiff Hrnyak argues that where a contract is ambiguous, it must be construed against the drafting party, Defendant Mid-West. [Id. at 9-10.] Moreover, according to the Plaintiff, the notice provision should not be construed as a condition precedent because it did not use clear, unequivocal language, such as stating that failure to abide by the provision leads to forfeiture of the refund. [Id. at 10-11.]

Finally, the Plaintiff argues that "[w]here the facts of notice (early loan termination) necessary for performance can be discovered by either party to the contract, the law holds that notice will not be considered a condition precedent to performance." [Id. at 11.] Plaintiff Hrnyak notes that by the terms of the Certificate, the creditor must provide notice; the debtor (here, the Plaintiff) cannot provide proof of notice. [Id. at 12.] The Plaintiff alleges that the Defendant has the ability to contact the creditors to discover if debtors terminated their loans early.

In conclusion, Plaintiff Hrnyak explains that her unjust enrichment claim is an alternative to the breach of contract claim. Because the parties have not yet conducted discovery on the validity of the credit insurance contract, Plaintiff Hrnyak argues it would be premature for the Court to dismiss the unjust enrichment claim at this point. [Id. at 19.]

In its reply, Defendant Mid-West denies that the insurance policy's contract language, including the notice provision, is ambiguous. [Doc. 47 at 4-5.] Read as a whole, the Defendant argues there is nothing inconsistent between the notice provision and the other provisions that address refunds. Rather, the Defendant argues that the notice provision is simply more specific than the others, describing *when* Mid-West will pay the refund. [Id. at 5.] The Defendant explains that it included the notice provision to contractually require the debtor (or her creditor) to notify Mid-West

-5-

Case No. 1:08-CV-2642
Gwin, J.

of early termination, because "such information is unquestionably within Plaintiff's and/or her creditor's immediate knowledge and control." [Id. at 7.] Moreover, Defendant Mid-West contends that even if the provisions did conflict, the notice provision would control because specific provisions trump general provisions under Ohio law. [Id. (citing *Aerel, S.R.L. v. PCC Airfoils, LLC.*, 448 F.3d 899, 903 (6th Cir. 2006)).] Accordingly, the Defendant argues, enforcement of the notice provision requires dismissal of the Plaintiff's breach of contract claim. [Id. at 8.]

In support of its motion to dismiss, Defendant Mid-West also argues that the Plaintiff's proposed interpretation of the contract must be rejected as unreasonable. The Defendant contends that to "ignore the Notice Provision and instead impose some kind of implied duty on Mid-West to 'obtain notice' . . . effectively rewrites the contract and renders the Notice Provision meaningless." [Id.] The Defendant rejects this result as undermining the intent of the parties to the contract. Furthermore, Defendant Mid-West suggests that the duty Plaintiff Hrnyak would impose on the Defendant to "obtain notice" is "amorphous" and lacking any parameters. [Id. at 9-10.]

The Defendant further argues that the notice provision in the Certificate does not conflict with Ohio statutes. The Defendant explains that the statutes' silence on the issue of notice does not impose a duty upon the Defendant to obtain notice. [Id.] Rather, according to the Defendant, O.R.C. §§ 3918.05 and 3918.08 require "that (1) a refund of unearned premiums be made, and (2) that the Certificate contain language to that effect." [Id.] Because these statutes do not address how unearned premiums are to be repaid or who is responsible for initiating the refunds, the Defendant explains it chose to address those issues contractually. [Id. at 12.] Therefore, the notice provision enables the Defendant to comply with its statutory duties.

Defendant Mid-West also asserts that enforcement of the notice provision is not unjust

Case No. 1:08-CV-2642
Gwin, J.

because Mid-West does not contend that failure to comply with the notice provision leads to forfeiture of the right to recover the refund. [Id. at 13.] The Defendant remains willing to refund the Plaintiff's unearned premium if the Plaintiff substantially complies with the notice provision, confirming that the loan was paid-off and including the date and amount. [Id.]

Finally, the Defendant argues that Plaintiff Hrnyak cannot alternatively plead a breach of contract claim and an unjust enrichment claim because there is no disagreement between the parties that the Certificate is a valid, enforceable agreement. [Id. at 15.]

## II. Legal Standard

When considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the Court can dismiss a claim only when "it is clear that the plaintiff can prove no set of facts in support of [the] claim that would entitle [the plaintiff] to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). The Court must accept all of the allegations contained in the claim as true and construe such claim "liberally in favor of the party opposing the motion." *Id.* In evaluating a motion to dismiss, the Court focuses its analysis on the complaint, including any exhibits attached to the complaint. *Doe v. Sexsearch.com*, 551 F.3d 412, 416 (6th Cir. 2008). While the Court is obliged to accept as true the well-pleaded allegations in the complaint, the Court need not accept as true the "bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). The Court also need not accept "unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Nevertheless, the Court can only grant a motion to dismiss when the facts of the complaint show that there is an insuperable bar to relief for the plaintiff.

Case No. 1:08-CV-2642
Gwin, J.

### III.  Analysis

*Count 1 - Breach of Contract*

Defendant Mid-West argues that the Plaintiff's breach of contract claim should fail because there has been no breach of contract.  According to the Defendant, the Certificate's "plain terms require that Mid-West first receive notification of the early termination before Mid-West's obligation to refund arises." [Doc. 41 at 4.]  Further, the Defendant asserts, the Certificate specifies two forms of notice: a written request for a refund or a surrender of copies of the Certificate.  Because this notice provision functions as a condition precedent, and because the Plaintiff has not even alleged to have complied with the notice provision, the Defendant contends that it is not yet obligated to refund the unearned premium.  Therefore, allegedly there has been no breach of contract.

In the complaint, however, the Plaintiff claims to have "satisfied all conditions precedent to a refund of unearned premiums." [Doc. 37 at 4, 7.]  While the Plaintiff does not provide more details on its compliance, this assertion is more than an "unwarranted factual inference."  The Plaintiff further asserts that the Defendant has not paid the refund. [Id. at 4.]  If the Plaintiff complied with the conditions precedent to a refund and the Defendant failed to provide the refund, the Plaintiff could prevail.  Therefore, accepting the allegations in the complaint as true, the Defendant has not met its burden to prove that the Plaintiff cannot succeed on any set of facts.

Moreover, dispute exists whether Ohio law required Defendant Mid-West to refund the premiums independently of the contract terms.  At this early stage of the litigation, the parties should have opportunity to develop their evidence in support for their respective positions.

*Count 2 - Unjust Enrichment*

Case No. 1:08-CV-2642
Gwin, J.

Rule 8 of the Federal Rules of Civil Procedure allows parties to plead in the alternative. Fed.R.Civ.P. 8. Here, Plaintiff Hrnyak has included an equitable relief claim of unjust enrichment as an alternative to her claim for breach of contract. [Doc. 43 at 19.] Ultimately the Plaintiff will not be able to recover on both claims, because if the express contract is deemed valid and enforceable and governing the dispute, the Plaintiff cannot also recover under quasi-contract. *Fitness Quest Inc. v. Monti*, 560 F.Supp.2d 598, 611 (N.D. Ohio, June 6, 2008) (quotations and citations omitted). However, at this stage of the proceedings, the Court will not find definitively that the insurance contract is valid, enforceable, and governs this dispute, especially in light of what appears to be equivocation by the Plaintiff, given that she has raised the alternative claim. *See Detrick v. 84 Lumber Co*, 2007 WL 1467070, * 4 (N.D. Ohio, May 10, 2007) (refusing to dismiss an alternative quasi-contract claim at the motion to dismiss stage, even though both parties alleged the existence of an express agreement, because the Defendant equivocated "relative to the validity, enforceability and completeness of the alleged contract").

Without commenting on the merits of the claims themselves, the Court finds that the Plaintiff has properly stated a claim upon which relief can be granted.

IV.  Conclusion

For the foregoing reasons, this Court **DENIES** the Defendant's motion to dismiss. [Doc. 41].

IT IS SO ORDERED.

Dated: March 20, 2009          *s/     James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE