# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA HRNYAK, on behalf of herself and all others similarly situated, | § § § | |
| Plaintiff, | § § | CASE NO.  1:08CV2642 |
| v. | § § | JUDGE JAMES G. GWIN |
| MID-WEST NATIONAL LIFE INSURANCE COMPANY OF TENNESSEE, | § § § § | |
| Defendant. | § | |

## STIPULATION OF SETTLEMENT AND RELEASE

**I.  RECITALS**

A.  Plaintiff Cynthia Hrnyak ("Hrnyak" or "Plaintiff") is the named Plaintiff in the above-captioned matter, which was filed as a putative nationwide class action on behalf of certain past and current purchasers of credit life and/or credit disability insurance issued by Mid-West National Life Insurance Company of Tennessee ("Mid-West" or "Defendant").

B.  Plaintiff alleges in her complaint, among other things, that Mid-West: (a) failed to refund unearned premiums to purchasers of credit insurance who caused an early termination of their underlying loan but did not receive a refund due for unearned premium, and thus breached its contracts with such persons; (b) was unjustly enriched by retaining such unearned premiums; and/or (c) violated a duty of good faith and fair dealing.

C.   Mid-West denies the allegations in the complaint, specifically denying the material allegations of liability and wrongdoing.  Mid-West further denies any liability for any claims, causes of action, costs, expenses, attorneys' fees, or damages related to the allegations in the complaint.  Mid-West contends, among other things, that it has refunded unearned premiums to persons entitled to same who notified Mid-West of the early pay-off or termination, requested a refund of unearned premium in writing or such refund was requested on their behalf, or timely surrendered the Certificate to Mid-West.

D.   Plaintiff has engaged in discovery to evaluate the merits of the claims and of Mid-West's defenses, and also to determine whether Plaintiff's claims are appropriate for class treatment.  Although, at the time of this proposed settlement, discovery in this case was ongoing and not yet completed, Plaintiff has—through discovery and other means—investigated to her satisfaction various facts and the allegations of the complaint, as well as having sufficiently analyzed the legal issues surrounding the claims and defenses.

E.   Plaintiff and class counsel have concluded, in light of the costs, risks, and delay of litigation, and in light of the benefits obtained in this Settlement Agreement, that it would be in the best interests of the Plaintiff and the putative Class to enter into this Settlement Agreement to ensure a benefit to the putative Class.  Plaintiff's counsel has determined that this settlement is fair, reasonable, adequate, in the best interests of the Plaintiff and the members of the putative Class, and is superior to other available methods for the fair and efficient resolution of this vigorously contested controversy.

2

F.      Mid-West expressly denies any wrongdoing alleged in the complaint and pleadings and does not admit or concede any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been or could have been alleged against it in the Action, or that Plaintiff or any Class Members have suffered damage or were harmed by the conduct alleged.  Nonetheless, in light of the nature of the costs, risks, delays, and uncertainties inherent in litigation, Mid-West has concluded that this proposed settlement is appropriate and in Mid-West's best interests, enables Mid-West to avoid further expense and disruption of the management and operation of business due to the pendency of the Action, avoids the substantial expense, burdens and uncertainties associated with continued litigation of the Action, and maintains and preserves goodwill of Mid-West.

G.      The Parties understand the Court must approve the proposed settlement set forth in this Settlement Agreement and, upon Court approval, the Parties intend to seek a Final Order and Judgment from the Court dismissing with prejudice all of the Plaintiff's claims and the claims that members of the putative Class made or could have made in this Action, and that are covered by the Release contained in this Settlement Agreement.  The Parties agree that this Settlement Agreement is final and enforceable only upon Court approval.

H.      Therefore, Plaintiff and Mid-West agree that in consideration of the agreements, promises, and mutual covenants set forth in this Settlement Agreement, including without limitation the Release, the entry by the Court of a Final Order and Judgment dismissing the Action with prejudice and approving the terms and

3

conditions of the settlement as set forth in this Settlement Agreement and pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for such other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, that this Action shall be settled and compromised under the following terms and conditions:

## II.  DEFINITIONS

The following terms have the following meanings, unless a section or subsection of this Settlement Agreement, or its exhibits, provides otherwise:

A.  "Acceptable Proof of Loan Termination Before Expiration Date of the Certificate" shall mean proof in the form of: (1) lender's documents reasonably and reliably substantiating the Early Loan Payoff; (2) a credit report from a Credit Reporting Agency reasonably and reliably substantiating the Early Loan Payoff; and/or (3) providing the vehicle identification number ("VIN") of the financed vehicle in connection with which the credit insurance was purchased, that is verifiable by the Administrator in a designated VIN data base that reasonably and reliably substantiates the Early Loan Payoff by providing a lien release date.

B.  "Action" shall mean the lawsuit captioned *Cynthia Hrynak v. Mid-West National Life Insurance Company of Tennessee,* No. 1:08CV2642, pending in the United States District Court for the Northern District of Ohio.

C.  "Administrator" or "Settlement Administrator" shall mean Rust Consulting, Inc., the entity designated by Mid-West, in consultation with Class Counsel and approved by the Court, to help implement the terms of this Settlement Agreement.

4

D.     "Attorneys' Fees and Expenses" shall mean such amount, not to exceed $885,000.00, the maximum amount Mid-West agrees to pay, which may be awarded to Class Counsel to compensate them (and any other attorneys for Plaintiff or Class Counsel) for their fees, costs, and expenses in connection with this Action.

E.     "Certificates" shall mean all single premium credit life and/or credit disability insurance certificates or policies of insurance issued by Mid-West to any Class Member during the Class Period.

F.     "Claim" shall mean a request for Class Benefits that is submitted by a Class Member to the Settlement Administrator in accordance with the terms herein.

G.     "Claim File" shall mean the file assembled by the Settlement Administrator for each Claim to be used by the Settlement Administrator in evaluating the Claim. The Claim File shall include copies of: (1) the Claim Form and all other materials submitted by the Claimant; (2) any computerized or electronic data Mid-West maintains on the Claimant or the Claimant's Certificate that is the subject of the Claim (to the extent it exists and can be located and retrieved through reasonable efforts), the premium paid, Certificate issue date, and the Expiration Date of the Certificate; (3) the Acceptable Proof of Loan Termination Before Expiration Date of the Certificate; and (4) any other information required by the Settlement Administrator to evaluate the validity of the Claim and to calculate the amount, if any, of unearned refund due.  The Claim File shall also include any postmarked envelope in which a Claimant sent any Claim Form and/or other materials to the Settlement Administrator.

H.    "Claim Form" shall mean the document that each Claimant is required to submit to request a refund.  The Claim Form is part of the Class Notice Package attached as Exhibit 1 to this Settlement Agreement.

I.     "Claim Form Deadline" shall mean the deadline for Claim Forms to be received by the Settlement Administrator.

J.     "Claimant" shall mean a Class Member, or the legal or duly authorized representative of a Class Member, who timely and properly submits a Claim to the Settlement Administrator.

K.    "Claims Period" shall mean the time period within which a Claim Form must be submitted to the Settlement Administrator and ends 21 days after the Fairness Hearing is set in the Preliminary Approval Order.

L.     "Claims Process" shall mean the process and procedure for the submission, evaluation, and resolution of Claims in accordance with the terms herein.

M.    "Class" or "Class Member" shall mean all persons who purchased a Certificate from Mid-West, during the Class Period, who caused an early termination of their loan for which the Certificate was purchased and was entitled to, but did not receive, a refund of Unearned Premium in excess of $3.00.  Excluded from the Class are:  (1) any person who has already released or obtained a judgment against Mid-West on the claims raised in the Action, or upon whom Mid-West obtained a judgment on the claims raised in the Action; (2) any person who, as of the date of signing of the Preliminary Approval Order, has a pending lawsuit against Mid-West arising out of or relating to the Certificate and is not represented by Class Counsel (but only as to the individual plaintiff, not as to any

6

putative class that has not been certified by final unappealable order); (3) any person whose coverage under a Certificate has been rescinded; (4) any person who has made a claim for benefits under a Certificate; (5) any person who has or had ownership of a Certificate on which Unearned Premiums were refunded as a result of an Early Loan Payoff; (6) any person whose loan went into default and the security was repossessed or whose indebtedness was discharged in bankruptcy; and (7) any person who timely excludes himself/herself from the Class in accordance with the terms herein.

N.    "Class Benefits" or "Class Relief" shall mean those monetary benefits to be given to Class Members who submit timely and valid Claims, as described more fully in this Settlement Agreement.  To be entitled to receive Class Benefits, a Class Member must fully comply with each of the requirements set forth in this Settlement Agreement.

O.    "Class Counsel" shall mean:

R. Eric Kennedy
Daniel P. Goetz
Weisman Kennedy & Berris Co., LPA
101 Prospect Avenue West
Suite 1600 Midland Building
Cleveland, Ohio 44115

Don Barrett
Don Barrett, PA
404 Court Square North
P.O.Box 987
Lexington, Mississippi 39095

Charles Barrett
Barrett & Associates, PA
6518 Highway 100
Suite 210
Nashville, Tennessee 37205

7

Austin Gower
Charles A. Gower, P.C.
1425 Wynnton Road
P.O.Box 5509
Columbus, Georgia 31906

who have agreed to accept appointment as Class Counsel for the Settlement Class
and shall act on behalf of the Plaintiff and all Class Members.

P.     "Class Notice Package(s)" shall mean the notice package(s), as approved in form
and content by Class Counsel, Mid-West's counsel, and the Court, and attached
hereto as Exhibit 1, to be provided to Class Members as set forth in this
Settlement Agreement.

Q.     "Class Period" shall mean for residents at the time of purchase of the credit
insurance of the following states the time period in years back from November 6,
2008:  Arkansas – 5 years; Florida – 5 years; Georgia – 6 years; Illinois – 10
years; Indiana – 10 years; Michigan – 6 years; Missouri – 5 years; Ohio – 15
years; Tennessee – 6 years; Wisconsin – 6 years; and West Virginia – 15 years.
By way of example, the Class Period for a Florida resident is November 6, 2002
to the date of the Preliminary Approval Order.

R.     "Class Representative" shall mean Plaintiff Cynthia Hyrnak.

S.     "Court" shall mean the United States District Court for the Northern District of
Ohio.

T.     "Credit Reporting Agency" shall mean a third-party company such as
TransUnion, whose services may be used by Claimants to establish potential
eligibility for Class Benefits.

8

U.    "Defendant's Counsel" or "Defense Counsel" shall mean:

Andrew G. Jubinsky
Timothy A. Daniels
Figari & Davenport, LLP
901 Main Street
Suite 3400
Dallas, Texas 75202.

V.    "Early Loan Payoff" shall mean the date a Class Member renews, refinances, pays off, or otherwise terminates the underlying loan before the Expiration Date.  For purposes of this Settlement Agreement, whenever the term "Early Loan Payoff" is used, it refers to termination of the underlying indebtedness before the Expiration Date of the Certificate, and use of the term "termination of the loan before Expiration Date" or words to that effect shall likewise include "Early Loan Payoff."

W.    "Expiration Date" shall mean the date on which the term of insurance coverage ends or stops under the Certificate.

X.    "Fairness Hearing" shall mean the hearing at which the Court will consider and make a final decision whether to certify the Class, approve this Settlement Agreement as fair, reasonable, and adequate, award Attorneys' Fees and Expenses, enter the Final Judgment, and make such other final rulings as are contemplated by the Settlement Agreement.

Y.    "Final Judgment" shall mean a Court Order giving final approval to the settlement and this Settlement Agreement, and a judgment entered pursuant to that Order, a copy of which is attached hereto as Exhibit 4.

Z.    "Final Settlement Date" shall mean when the last of the following dates with respect to the Final Judgment shall have occurred: (i) the expiration of five (5)

business days after the time to file a motion to alter or amend the Final Judgment under Fed. R. Civ. P. 59(e) has passed without any such motion having been filed; (ii) the expiration of five (5) business days after the time in which to appeal the Final Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-seven (37) days following the entry of the Final Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirty-seventh (37th) day falls on a weekend or a Court holiday, in which case the date for purposes of the Settlement Agreement shall be deemed to be the next business day after such thirty- seventh (37th) day); or (iii) if such motion to alter or amend is filed or if an appeal is taken, including petitions for rehearing, reconsideration or petitions for certiorari, restricted appeals or any other form of review, five (5) business days after the conclusive determination and final disposition thereof in a manner that affirms the Final Judgment in all material respects.

AA.   "Insured" shall mean the primary named insured under a Certificate.  In the event a Certificate includes more than one insured, the Insured shall act on behalf of all insureds or second insureds under a Certificate and such actions shall be binding on such insureds, except in the event of a request for exclusion.  The Insured and any other insureds or second insureds under a Certificate are deemed Class Members, but there shall be a maximum of one Unearned Premium per Certificate.

BB.   "Mid-West" or "Defendant" shall mean Mid-West National Life Insurance Company of Tennessee, its predecessors, successors, assigns, parents,

subsidiaries, divisions, reinsurers, related or affiliated entities, administrators, and past or present officers, directors, attorneys, agents, and employees.

CC.  "Opt-Out Date" shall mean the final day by which a Class Member's request to be excluded from the Class must be received by the Settlement Administrator.  The Opt-Out Date is twenty-five (25) days before the date of the Fairness Hearing.

DD.  "Parties" or "Party" shall mean the Plaintiff (in her individual and representative capacities) and/or Mid-West, and where applicable, their respective counsel.

EE.  "Preliminary Approval Order" shall mean the Order to be entered by the Court concerning notice, administration, and the Fairness Hearing, a copy of which is attached hereto as Exhibit 3.

FF.  "Producer" shall mean any of Mid-West's current or former sales representatives, sales agents, solicitors, agents, representatives, group policy holders, lenders, creditors, employees, independent contractors, or any other person or entity who engages in, or has engaged in, the sale, marketing, and/or distribution of Mid-West's Certificates.

GG.  "Publication Notice" shall mean the notice published in accordance with the implementation of this Settlement Agreement.  A copy of the Publication Notice is attached hereto as Exhibit 2.

HH.  "Release" shall mean the release and waiver set forth in this Settlement Agreement.

II.  "Released Claims" shall mean claims and causes of action raised in this Action, or that could have been raised in this Action, or any action in any state or federal court, in or before any regulatory body, arbitration, or administrative agency, or in

11

any other proceeding regarding or relating in any way to the Released Parties' (defined below) refund of Unearned Premium on the Certificates, failure to refund or notify Class Members of Unearned Premiums, calculation, payment, handling and administration of the Unearned Premiums, and failure to establish guidelines or procedures for refunds of Unearned Premiums, including, but not limited to, any tort claims, contract claims, statutory claims, controversies, claims for disgorgement, claims for restitution, actions, causes of action, declaratory judgment actions, cross-claims, counter claims, demands, debts, claims for damages, liquidated damages, unliquidated damages, restitution, consequential damages, compensatory damages, punitive damages or exemplary damages, equitable relief, injunctive relief, costs, interest, expenses and/or attorney fees, or liabilities, or claims of any nature in both law or in equity, past and present, and whether known or unknown, suspected or claimed, regardless of whether the Plaintiff or each potential Class Member timely makes a claim for Class Benefits under this Settlement Agreement.

JJ.   "Released Parties" shall mean Mid-West and each of its past, present, and former employees, officers, directors, shareholders, agents, general agents, branch managers, Producers, brokers, solicitors, administrators, predecessors, successors, assigns, parent corporations, subsidiary corporations, affiliates, affiliated companies, insurers, reinsurers, and attorneys, and the agents and employees of them.

KK.   "Released Transactions" shall mean any and all direct or indirect acts, omissions, representations, statements, occurrences, suggestions, or communications that are

12

related to or connected in any way with: (1) the design, development, marketing, sale, suitability, administration, cost, servicing, training, supervision, modification, underwriting, lapse, termination, performance, payments, premiums, refunds, notice procedures, cost of insurance rates and charges, death or disability benefits, coverage, replacements, commissions, taxes, surrender charges, credited interest, expense charges, and other matters involving or relating to the Certificates, including, without limitation, the matters described in the Release; and (2) the impact that the receipt of any benefits under the Settlement Agreement may have on the terms, performance, obligations, and value of a Certificates.

LL.  "Releasor" shall mean: (1) Plaintiff; (2) any Class Member who does not timely exclude himself/herself from the Class pursuant to this Settlement Agreement; (3) any Claimant or anyone representing that Class Member or acting on his/her behalf or for his/her benefit; and (4) any Class Member's agents, attorneys, predecessors, successors, insurers, administrators, heirs, executors, and assigns.

MM.  "Settlement Agreement" shall mean this document and the exhibits attached hereto or incorporated herein, including any subsequent amendments and any exhibits to such amendments.

NN.  "Settlement Notice Plan" shall mean the comprehensive notice plan describing the manner and forms of notice to notify the Class of the proposed settlement.  The Settlement Notice Plan is set forth in Section VII of this Settlement Agreement and must be approved in form and content by Class Counsel, Defense Counsel, and the Court.

13

OO.  "Unearned Premium" shall mean the portion of the single premium that is to be refunded to a Class Member when the underlying loan is terminated before the Certificate's Expiration Date, as calculated pursuant to the law of the state in which the particular Certificate was issued.  There shall be a maximum of one Unearned Premium per Certificate.

## III.    DENIAL OF WRONGDOING OR LIABILITY

This Settlement Agreement constitutes the resolution of the Action and is for settlement purposes only.  Mid-West expressly denies that it has violated any law, breached any agreement or obligation to the Plaintiff, the Class, or to any putative Class Member, and also denies that it has engaged in any wrongdoing with respect to the Plaintiff, the Class, or the putative Class.  Mid-West denies that it is liable for any claims, causes of action, costs, expenses, attorneys' fees, damages, or compensation of any kind.  Neither this Settlement Agreement nor any actions undertaken by Mid-West in satisfaction of this Settlement Agreement shall constitute, or be construed as, an admission of any liability or wrongdoing, or recognition of the validity of any allegation of fact or law made by the Plaintiff, the Class, or any putative Class Member in this Action or in any other action or proceeding.  This Settlement Agreement, any statements or negotiations made in connection with this Settlement Agreement, and any actions undertaken by Mid-West pursuant to this Settlement Agreement, shall not be admissible as evidence or in any other fashion against Mid-West in any action, lawsuit, or proceeding for any purposes, except: (1) in any action or proceeding brought to enforce the terms of this Settlement Agreement by or against the Plaintiff, the Class, any Class Member, or Mid-West; or (2) by Mid-West in defense of any claims brought by the Plaintiff, the Class, or a Class Member or Class Members.

## IV.  CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

Upon execution of this Settlement Agreement, the Parties agree that, subject to Court approval and for settlement purposes only, the settlement of this Action upon the proposed terms satisfies the requirements for class certification under the applicable rules of civil procedure. Mid-West agrees to certification of the Class for settlement purposes only.  Any class certification order entered in this Action, under this Settlement Agreement or otherwise, shall not constitute, in this or in any other action or proceeding, an admission by Mid-West, a finding, or evidence that the Plaintiff's claims, or those of any other putative Class Member, are appropriate for class treatment, or that any of the requirements for class certification are otherwise satisfied. If this Settlement Agreement does not become effective because: (1) the Court does not give full and final approval to the settlement and this Settlement Agreement; (2) the Settlement Agreement is determined to be null and void; or (3) the Court's approval of this Settlement Agreement is reversed on appeal, then the Court's Order certifying the class for settlement purposes will be null and void and shall no longer be in effect.  Additionally, by entering into this Settlement Agreement, Mid-West in no way waives its rights to challenge or contest the Plaintiff's allegations that a class should be certified in this Action.

## V.  SETTLEMENT RELIEF

A.  Financial Relief.  Pursuant to this Settlement Agreement, the availability of Class Relief to a Class Member shall be determined by the Settlement Administrator's evaluation of the Claim Form, other materials submitted by the Claimant, and the Claim File.  Eligible Class Members shall receive a refund of 100% of their Unearned Premium.

B.    Eligibility for Deceased Class Members.  If a Class Member is deceased on the date when financial relief would otherwise be awarded to him or her, the Class Member's beneficiary, as designated in the Certificate, or, in the event that no beneficiary is named in the Certificate, the Class Member's estate, shall be eligible to nominate itself or another person to receive, in the Class Member's stead, any financial relief for which the Class Member would be entitled under this Settlement Agreement.

C.    Funding of Administrative and Notice Costs.  As more specifically provided for herein, Mid-West will pay for the cost of administering the settlement and Mid-West will pay to provide notice to Class Members regarding the settlement.

D.    Notwithstanding any other provision of this Settlement Agreement, where more than one person has a current or prior ownership interest or right in the Certificate (i.e., co-insureds), the Insured shall be presumed to be acting jointly in exercising any right and receiving any benefit created under this Settlement Agreement.  If the Insured or any co-insured excludes himself or herself from the Class with respect to a Certificate, all Claimants having a current or prior ownership in that Certificate (or co-insureds) will be deemed to be excluded with respect to that Certificate.  Any check refunding Unearned Premiums under a Certificate that includes co-insureds will be made payable, at the discretion of the Settlement Administrator, to either the Insured Claimant or jointly to all co-insureds of the Certificate.  There shall be a maximum of one Unearned Premium per Certificate.

E.    The Plaintiff, Class Counsel, and Mid-West further agree that under no circumstances shall Mid-West be responsible for paying any monies, benefits,

16

costs, expenses, or attorneys' fees in settlement of this Action other than as expressly provided for by this Settlement Agreement.  Further, Mid-West shall not be required, or obligated, to take any action or incur any liability or pay any expense or be required to do any other thing, except as expressly provided for in this Settlement Agreement.

## VI. RETENTION OF THE SETTLEMENT ADMINISTRATOR

A.    Class Counsel and Mid-West have agreed to appoint, at Mid-West's expense, Rust Consulting Inc., as the Settlement Administrator to assist in implementing the terms of the proposed settlement.

B.    The Settlement Administrator shall perform various administrative tasks, including, without limitation: (1) arranging for First Class mail and publication notice to all Class Members; (2) mailing and otherwise making the Class Notice Package available and accessible to Class Members; (3) handling returned mail not delivered to Class Members; (4) making any additional mailings required by this Settlement Agreement; (5) arranging for, creating, and maintaining a toll-free telephone number to respond to inquiries from Class Members, Claimants, and others; (6) training telephone representatives to respond to inquires from Class Members, Claimants, and others; (7) answering written inquiries from Class Members, Claimants, and others; (8) receiving and maintaining on behalf of the Court correspondence from Claimants regarding requests for exclusion from the settlement; (9) handling Claim Forms submitted by Class Members, Claimants, and others; (10) determining the validity of submitted Claim Forms; (11) timely submitting to Class Counsel and Mid-West's counsel lists of eligible Class

Members and the refund amount of Unearned Premium due to each; (12) taking other steps mutually agreed upon by the Parties to promote accurate and efficient communication with Class Members, Claimants, and others; and (13) otherwise assisting Class Counsel and Mid-West with the administration of this Settlement Agreement.  Class Counsel and/or its designee shall be entitled to observe and monitor the performance of the Settlement Administrator, but not increase the expenses of the Settlement Administrator unless approved by Defendant.

C.    The Settlement Administrator shall also establish the following:

1.    Website.  Establish and maintain an independent settlement website containing content agreed to by the Parties.  The website address will be www.mwcreditcase.com, or a suitable alternative agreed to by the Parties. The content of the website shall include, but not be limited to, a description of the settlement; a toll-free number for the Settlement Administrator and a sidebar link to the pleadings, settlement papers, notices, and Claim Form.

2.    Call Center.  Establish and maintain an automated call center that shall be available through the toll-free number identified in the Class Notices and on the website.  The automated call center shall provide information regarding the settlement and instruct Claimants on filing a Claim.  The automated call center will permit callers to leave a message requesting additional information.  The Settlement Administrator shall employ and train individuals to return phone calls and explain the Claims Process to callers requesting additional information.  The automated call center and

18

staff shall be maintained until thirty (30) days after the close of the Claims

Period.

D.    If the Settlement Administrator fails to perform adequately on behalf of the Class,

the Parties jointly can agree to remove and replace the Settlement Administrator,

subject to Court approval.

E.    Right of Communication.  Mid-West expressly reserves the right to communicate

with and to respond to inquiries from Insureds, Class Members, or Claimants

orally and/or in writing, and it may do so directly through any appropriate

Producers or agencies.  Mass and/or generalized communications with Class

Members specifically about the Settlement Agreement, whether by Class Counsel

or Mid-West, and whether by mail, the establishment or encouragement of

Internet websites or other Internet communications, telephone scripts, or any other

means, shall be made jointly or individually with the approval of the other Party.

## VII.    NOTICE TO THE CLASS AND COMMUNICATIONS WITH CLASS MEMBERS AND INSUREDS

A.    Identification of Potential Class Members.  Within sixty (60) days after the Court

enters the Preliminary Approval Order, Mid-West shall create, at its own expense,

and only to the extent such information is reasonably available in Mid-West's

electronic database, a List of Certificates issued to Class Members, including any

and all information from which the Class Member's address can reasonably be

derived.  Specifically, to the extent the information is available in Mid-West's

electronic database (and the Parties recognize all the listed information is not

electronically available for all Class Members), the List of Class Members shall

19

include each Class Member's (and, if known, co-insured's) name, address (if on the computer system), Social Security Number, Date of Birth, Certificate number, the Certificate Issue Date, and the amount of premium paid by the Class Member for the Certificate.  Mid-West shall provide the Settlement Administrator with an electronic copy of the list and the Settlement Administrator shall use reasonable efforts to obtain current addresses for Class Members when practicable.

B.  The Settlement Administrator shall provide notice as follows:

1.  First Class Mail Notice to Class Members that the Settlement Administrator Believes a Current Address Has Been Obtained.  Subject to the Court's Preliminary Approval Order and no later than sixty (60) days before the Fairness Hearing, the Settlement Administrator shall send the Class Notice Package via First Class Mail, with address correction requested, at Mid-West's expense, to all Class Members for whom the Settlement Administrator believes a current address has been obtained. The Notice shall be in substantially the form attached hereto as Exhibit 1. The Court must approve the Class Notice Package before distribution and mailing.

2.  Publication Notice.  After entry of the Court's Preliminary Approval Order and no later than sixty (60) days before the Fairness Hearing, the Settlement Administrator shall arrange for notice to be published once in the national edition of the USA Weekend newspaper insert.  Publication Notice shall inform potential Class Members that they may obtain a Class Notice Package and Claim Form by any of several methods, including on

20

the internet or by calling a toll-free number.  A copy of the Publication Notice is attached hereto as Exhibit 2.

3.    Mid-West shall pay all costs associated with providing notice to the potential Class Members.

C.    Class Notice Package.  The Settlement Administrator shall send a Class Notice Package to each individual who requests such package from the Settlement Administrator as a result of receiving notice of the settlement within ten (10) business days after receiving the request.    Furthermore, the Settlement Administrator shall establish a variety of methods through which a Class Notice Package can be obtained, including by downloading the package from the Settlement website, by toll-free telephone request, and by mail request.  Mid-West shall pay for the costs associated with producing and mailing the Class Notice Package and with making the package available by the other means specified herein.

D.    Class Notice. The agreed upon Class Notice Package is attached hereto as Exhibit 1.  The Class Notice shall be in the manner and form agreed upon by the Parties and approved by the Court.

E.    Re-mailing and Additional Notice.  The Settlement Administrator shall:  (i) once re-mail any notices and Class Notice Packages that are returned as undeliverable by the U.S. Postal Service and contain forwarding addresses; (ii) submit any returned notices and Class Notice Packages without a forwarding address to the National Change of Address database maintained by the U.S. Postal Service, provided that returned notices or Class Notice Packages that do not include a

21

forwarding address are received by the Settlement Administrator no later than thirty-five (35) days before the Fairness Hearing; and (iii) re-mail a notice or Class Notice Package once to any Class Member for whom an updated address is discovered by the Settlement Administrator within seven (7) business days of receiving the updated address.

## VIII.  CLAIM PROCESS

A.  To be entitled to Class Benefits, a Claimant must submit a Claim Form, signed under penalty of perjury, to the Settlement Administrator, completed by or for the Claimant, according to the instructions contained therein.  The Claim Form must be postmarked on or before the Claim Form Deadline.  Additionally, a Claimant is not entitled to Class Benefits if he/she submits a Claim Form after the Claim Form Deadline.

B.  As to each Claim Form it receives, the Settlement Administrator shall ascertain whether the Claimant is entitled to relief.

1.  If the Settlement Administrator can determine entitlement to relief solely from the Claim Form and any attachments or collateral documents, then the inquiry shall end there.

2.  If the Settlement Administrator cannot determine entitlement to relief from the Claim Form and/or other submitted materials, and the Claimant provides a VIN of the vehicle that was the subject of the loan for which credit insurance was issued, the Settlement Administrator shall take appropriate steps to determine if the lien on the vehicle was released, and calculate any relief that might be available based on the lien release date.

22

C.     Claimants electing to participate in the Claims Process agree by virtue of their providing a VIN to the Settlement Administrator that they authorize the Settlement Administrator to take appropriate steps to verify with a VIN data base if and when the lien on the vehicle was released and otherwise verify the Claim. Each Claimant who provides a VIN as Acceptable Proof of Loan Termination Before Expiration Date of the Certificate waives all federal, state, and local privacy laws, statutes, regulations, and other laws, including, but not limited to, the Health Insurance Portability and Accountability Act ("HIPAA"), and the Gramm-Leach-Bliley Act solely relating to the submission of the VIN to a VIN data base to verify the Claim.

D.     The Settlement Administrator acting in good faith shall review the Claim Form and any other supporting documents to determine whether a Claimant is entitled to a Class Benefit and the amount of such Class Benefit.

E.     All actions and decisions of the Settlement Administrator regarding a potential Class Member's eligibility to receive the Class Relief shall be final and not subject to review or appeal.  Class Members, their successors and assigns, Class Counsel, Mid-West, or any other party-in-interest may not appeal, seek review, or otherwise challenge such determinations or awards in any subsequent court or administrative proceeding; provided, however, Mid-West or any Class Member who disagrees with the Settlement Administrator's determination as to the amount of the Unearned Premium due to a Class Member or whether compensatory relief is due to a Claimant may, within twenty-one (21) days of receiving notice from the Settlement Administrator of its decision, provide the Settlement Administrator

with objective and reliable proof (not to include testimonial evidence in the form of statements, declarations, or affidavits from any individual) that demonstrates that the Class Member or a Claimant is entitled to more or less relief.  The Settlement Administrator shall review and decide whether to modify or uphold its decision within thirty (30) days of receiving such additional proof, at which time the Settlement Administrator's decision shall be final and binding.

F.    For purposes of submitting a VIN or credit report, the Settlement Administrator may, in consultation with Class Counsel and Defense Counsel, employ a firm experienced in analyzing or processing such data to assist it to determine whether a Class Member's underlying loan terminated before the Expiration Date of the Policy.

G.    After the Final Settlement Date, the Settlement Administrator shall mail checks in the amount of 100% of the Unearned Premium to Claimants who it determines are entitled to relief at the address on the Claim Form.  For those Claimants in which the Settlement Administrator is awaiting additional proof or information from the Claimant, such check shall be mailed within thirty (30) days of receiving Acceptable Proof of Loan Termination Before Expiration Date of the Certificate.

H.    The Settlement Administrator shall keep complete records of all of its contacts with Claimants, along with copies of all documentation received pursuant to its attempts to ascertain Claimants' entitlement to Unearned Premium refunds.

I.    The Settlement Administrator shall, on a monthly basis, provide Class Counsel and Defense Counsel with a summary of the prior month's Claims activity, as well as an electronic spreadsheet (in, or compatible with, Microsoft Excel) that

24

identifies each Claimant in a separate row thereon, and lists as to each such Claimant identified, in separate columns, his or her address, phone number, payoff date, insurance Certificate number, whether or not it has been determined that Claimant is entitled to an Unearned Premium refund, the amount of the refund due, the date of disbursement of the settlement check, and the date the settlement check cleared (or as much of this information as is known to the Settlement Administrator from its own records, Mid-West's records, the Claim Forms, and such other documents, submissions, and contacts that it has had with the Claimant and third-parties).

J.     Class Counsel and Defense Counsel are entitled to periodically review the Claims Process to ensure compliance with the Settlement Agreement.  The Settlement Administrator shall grant full access to all data, Claim Files, communications, and reports created and maintained during the administration of this Settlement Agreement to Defense Counsel and Class Counsel.  Class Counsel will agree not to disclose any proprietary information or trade secrets of Mid-West or the Settlement Administrator that Class Counsel may learn or does learn in the review process, or to use said information or secrets for any purpose whatsoever other than to fulfill their duties as Class Counsel and to ensure compliance with the Settlement Agreement.

## IX.    REQUESTS FOR EXCLUSION

A.     Any potential Class Member who wishes to be excluded from the Class and settlement must mail a written request for exclusion to the Settlement Administrator at the address provided in the Class Notice.  The request for

exclusion must specify the Certificate or Certificates that the potential Class Member wants to exclude.  The request must be received by the Settlement Administrator by the Opt-Out Date.  If a Certificate has more than one Insured, then one Insured's timely request for exclusion shall apply to and bind all Insureds.  The Settlement Administrator's decision as to whether a request for exclusion was received by the Opt-Out Date is final and binding.  A list reflecting all requests for exclusion shall be assembled by the Settlement Administrator for filing with the Court at or before the Fairness Hearing.

B.     Any potential Class Member who is not excluded by the filing of a timely written request for exclusion with respect to a Certificate shall be bound by all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation, arbitration proceedings, or any other proceeding against Mid-West relating to the Certificate at issue and the claims released in this Action.

## X.     OBJECTIONS TO SETTLEMENT

A.     Any Class Member who has not submitted a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of this Settlement Agreement or the proposed settlement, or to the award of Attorneys' Fees and Expenses, must deliver to the Court's Clerk, Class Counsel, and Defense Counsel a written objection that references this Action and must include: (i) the objector's name, address and telephone number; (ii) the number of the Certificate that makes the objector a member of the Class; (iii) the name of this case and the case number, (iv) a statement of each objection; and (v) a written brief detailing

the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s).  If the objection is presented through an attorney, the written objection must also include: (i) the identity and number of Class Members represented by objector's counsel; (ii) the number of such represented Class Members who have opted out of the settlement; (iii) the number of such represented Class Members who have remained in the settlement and have not objected; (iv) the date the objector's counsel assumed representation for the objector, and (v) a list of the names of all cases where the objector's counsel has objected to a class action settlement in the last three years. Objecting Class Members must also make themselves available for deposition by Class Counsel in Cleveland, Ohio, and/or in their state of residence if outside of Ohio, between the time the objection is filed and the date of the Fairness Hearing, and the objection must include the date when the objecting Class Member will so present for deposition.  Such written objections must be received by the Court's Clerk, Class Counsel, and Defense Counsel twenty-five (25) days before the date of the Fairness Hearing, or as the Court otherwise directs, or the Class Member shall be forever barred from objecting to the Class or in any way collaterally attacking the Class and/or this settlement.

B.  Any Class Member may so object either on his/her own or through an attorney hired at his/her own expense.  If a Class Member hires an attorney to represent him or her, the attorney must: (1) file a notice of appearance with the Court's Clerk; and (2) deliver to Class Counsel and Defense Counsel, at the address

27

provided in the Class Notice, a copy of the same.  The notice of appearance must be received by the Court's Clerk twenty (20) days before the date of the Fairness Hearing, or the attorney will not be allowed to appear at the Fairness Hearing.

C.      Any Class Member who files and serves a written objection meeting the requirements set forth herein, may appear at the Fairness Hearing, either in person or through counsel retained at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of this Settlement Agreement, the proposed settlement, or the award of Attorneys' Fees and Expenses.  Class Members or their attorneys intending to make an appearance at the Fairness Hearing must deliver to Class Counsel and Defense Counsel and file with the Court, at the addresses provided in the Class Notice, a notice of intention to appear.  Such notice of intention to appear must be received by the Court, Class Counsel, and Defense Counsel twenty (20) days before the date of the Fairness Hearing or as the Court otherwise directs.

D.      Upon application of either Class Counsel or Defense Counsel, the Court, within its discretion, may order the deposition, before the Fairness Hearing, of any Class Member who has served and filed a timely written objection.  The Court shall not hear or entertain objections that fail to comply with the requirements set forth herein.

E.      Any Class Member who fails to comply with the orders of the Court or provisions of this Section shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of this

28

Settlement Agreement and by all proceedings, orders, and judgments in this Action.

F.    The Court, within its discretion, may exercise its right to deem any objection as frivolous and award appropriate costs and fees to Class Counsel and/or Defense Counsel.

G.    Plaintiff agrees that she shall not request exclusion from the Class, object to the proposed settlement, or file an appeal from, or otherwise seek review of, any Court order approving the Settlement Agreement.

H.    If objectors to this Settlement Agreement elect to appeal from the Final Judgment, Class Counsel agrees to cooperate fully in defense of the Final Judgment.

## XI.    COMPREHENSIVE RELEASE AND DISMISSAL OF ALL CLAIMS

A.    The Plaintiff and all Class Members covenant and agree that they shall, on and after the Final Settlement Date and by operation of the Final Judgment, release and forever discharge the Released Parties from liability for the Released Claims. The release in this Section is a general release of the Released Claims as described herein to the Released Parties, individually and collectively, and the parties intend and agree that it shall be interpreted, construed, and enforced as such, and shall encompass Unknown Claims.  However, nothing herein is intended to or shall be construed as a release of any Claims arising after the Final Settlement Date.

B.    In consideration of the Class Benefits described above, the Plaintiff and all Class Members shall be deemed to have agreed to the dismissal with prejudice of the Action.

29

C.  "Unknown Claims" means all claims arising out of facts relating in any way to any matter covered by the Released Claims that all persons or entities providing releases, including all Class Members, do not know or suspect to exist in their favor and that, if known by them, might have affected their decision to settle.  All persons or entities providing releases under the Settlement Agreement may hereafter discover facts other than or different from those that such persons now know or believe to be true with respect to the Action or matters covered by the Released Claims.   The Plaintiff and Class Counsel explicitly took this into account in entering into the Settlement Agreement.   On and after the Final Settlement Date, each person or entity providing releases under this Settlement Agreement, including but not limited to all Class Members who are or were residents of the State of California during the time period identified above in the definition of "Class," expressly waive and release, and shall be deemed to have waived and released, any and all rights that he, she, it, or they may have under any statute, regulation, administrative adjudication, or common law principle that would otherwise limit the effect of the foregoing releases to those claims actually known or suspected to exist at the time of execution of the Settlement Agreement, including, but not limited to, the provisions of Section 1542 of the California Civil Code, to the extent deemed applicable, which provides as follows:

> General Release-Claims Extinguished.  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

D.      Nothing in this Release shall preclude any action to enforce the terms of this Settlement Agreement, provided that, such an action shall be brought in this Court.

E.      On and after the Final Settlement Date, for the consideration provided for herein and by operation of the Final Judgment, Plaintiff and all Class Members and the Class shall be deemed to have covenanted and agreed that they shall not, at any time, institute, cause to be instituted, assist in instituting, or permit to be instituted on their behalf any proceeding in any state or federal court, in or before any regulatory body or administrative agency, or any other proceeding, or otherwise allege or assert any of the Released Claims against the Released Parties.

## XII.     ORDER OF NOTICE, SETTLEMENT HEARING AND ADMINISTRATION

A.      The Parties have negotiated, drafted and/or agreed to the form of the following documents:  the Class Notice Package(s) (including Claim Form(s)) (Exhibit 1), the Publication Notice (Exhibit 2), proposed Preliminary Approval Order (Exhibit 3), and proposed Final Judgment (Exhibit 4).  These documents (and exhibits attached thereto) shall each be an integral part of this Settlement Agreement.

B.      Before the Fairness Hearing the Parties will submit this Settlement Agreement, including all attached exhibits, to the Court and ask the Court to enter the proposed Preliminary Approval Order substantially in the form attached hereto.

## XIII.    ATTORNEYS' FEES, EXPENSES AND NAMED PLAINTIFF

Class Counsel shall apply to the Court for the award of Attorneys' Fees and Expenses in the Action not to exceed a total of $885,000.00.  Mid-West agrees not to oppose that application for Attorneys' Fees and Expenses.  Class Counsel and Mid-West acknowledge that the Court

31

will make the decision about the amount to award in Attorneys' Fees and Expenses.  Such fees will be paid by Mid-West within twenty (20) business days of the Final Settlement Date.  Class Counsel agree that they will not seek or accept under any circumstances an award of Attorneys' Fees and Expenses exceeding $885,000.00.  If the award of Attorneys' Fees and Expenses is reduced by the Court, then Mid-West shall pay the reduced amount of Attorneys' Fees and Expenses.  Mid-West also agrees to pay Hrnyak, subject to Court approval, $10,000.00 which includes any amount she could recover under the Claims Process.  Such payment to Hrnyak will be paid by Mid-West within twenty (20) business days of the Final Settlement Date.

## XIV.  FINAL APPROVAL AND FINAL ORDER AND JUDGMENT

After the Fairness Hearing, and upon the Court's approval of this Settlement Agreement, the Parties shall ask the Court to enter the Final Judgment essentially identical to the form attached hereto as Exhibit 4.

## XV.  MODIFICATION OR TERMINATION OF THIS SETTLEMENT AGREEMENT

A.   The terms and provisions of this Settlement Agreement may be amended or modified by agreement of the Parties and approval of the Court without further notice to the Class, provided that such changes do not limit the rights of Class Members, provided; however, that after entry of the Final Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all exhibits hereto) without notice to the Class or approval by the Court if such changes are consistent with the Court's Final Judgment and do not limit the rights of Class Members under the Settlement Agreement.

B.      This Settlement Agreement shall terminate at the sole option and discretion of Mid-West or the Plaintiff if: (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Settlement Agreement or the proposed settlement that the terminating Party in its sole judgment and discretion reasonably determine(s) is material, including, without limitation, the terms of relief, the findings of the Court, the provisions relating to notice, the definition of the Class and/or the terms of the Release; or (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters any portion of the Final Judgment, or any of the Court's findings of fact or conclusions of law as proposed by Defense Counsel and Class Counsel, that the terminating Party in its sole judgment and discretion believes are material.   The terminating Party must exercise the option to withdraw from and terminate this Settlement Agreement no later than thirty (30) days after receiving notice of the event prompting the termination.

C.      Mid-West has the right to terminate this Settlement Agreement if it so elects in the event that the amount of Attorneys' Fees and Expenses awarded exceeds the amount set forth by the Parties herein.

D.      No later than thirty (30) days after receiving notice of the events listed below (but in any event at least five (5) days before the Fairness Hearing), Mid-West has the unilateral right to withdraw from and terminate this Settlement Agreement if:

1.      Over 500 Class Members who purchased Certificates elect to exclude themselves from the Class; or

33

2.    Any state attorney general or regulatory or administrative authority institutes an investigation or a proceeding against the Company arising out of or otherwise related to the Released Transactions or the Certificates.

E.    If an option to withdraw from and terminate this Settlement Agreement arises hereunder: (1) neither Mid-West nor the Plaintiff shall be required for any reason or under any circumstance to exercise that option; and (2) the right to exercise that option shall be waived unless the terminating Party files a pleading entitled "Notice to Terminate Settlement Agreement" setting out the event(s) upon which the exercise of the option is based and the date of receipt of notice by the terminating Party. Such Notice to Terminate Settlement Agreement shall be filed no later than thirty (30) days after receiving notice of the event prompting the termination.

F.    If this Settlement Agreement is terminated pursuant to this section, then:

1.    This Settlement Agreement shall be null and void and shall have no force or effect, and no Party to this Settlement Agreement shall be bound by any of its terms;

2.    This Settlement Agreement, all of its provisions, and all negotiations, statements, and proceedings relating to it shall be without prejudice to the rights of Mid-West, the Plaintiff, or any other Class Member, all of whom shall be restored to their respective positions existing immediately before the execution of this Settlement Agreement;

3.    Mid-West and the Released Parties expressly and affirmatively reserve all defenses, arguments, and motions as to all claims that have been or might

34

later be asserted in the Action, including (without limitation) any applicable statutes of limitation and their argument and objections that the Action may not be litigated as a class action;

4.     The Plaintiff affirmatively reserves all motions as to, and arguments in support of, all claims that have been or might later be asserted in the Action;

5.     Neither this Settlement Agreement, nor the fact of its having been made, shall be admissible or entered into evidence for any purpose whatsoever;

6.     Class Counsel shall, within ten (l0) days of termination of this settlement by any Party, return to Mid-West's counsel the List of Potential Class Members and any and all data, Claim Files, communications, and reports received from the Settlement Administrator; and

7.     Any amendment, order, or judgment entered after the date of this Settlement Agreement shall be deemed vacated and shall be without any force or effect.

## XVI.   COMMUNICATIONS WITH THE MEDIA

A.     The Plaintiff, each Class Member, Mid-West, and their respective counsel, agree with respect to communications to the press, media, and to the public as follows. Neither the Plaintiff nor Class Counsel shall make or distribute any press release or initiate any public statement intended to be disseminated through the press or other media, including via the internet, about this Settlement Agreement, the merits of any Party's position in the Action, or the conduct of Mid-West without the prior written approval of Mid-West.  Class Counsel agrees to instruct all

persons or agents employed by Class Counsel not to issue, directly or indirectly, any press release, publicity notice, statement or communication to the press or media of any kind, including via the internet, regarding the Action or proposed settlement without first obtaining prior written approval from Mid-West. Neither the Plaintiff nor Class Counsel will make any statement or take any other action that directly or indirectly: (1) disparages or slanders Mid-West or the Released Parties; (2) harms the good reputation of Mid-West or its officers, directors, employees, parent corporations, or subsidiary corporations; or (3) harms, impairs, or hinders Mid-West's business operations and relationships.

B.    Class Counsel may respond to inquiries from the press, media, or the public in a manner consistent with the statements made in any press release that has been previously approved by Mid-West. To the extent that Class Counsel wants to respond to a press, media, or public inquiry by making statements that have not been previously approved by Mid-West, Class Counsel must first obtain Mid-West's approval to make any such statements.

C.    No Party shall make any statements, to the press or otherwise, stating or suggesting that either Party has through this Settlement Agreement prevailed or established the propriety of its claims or defenses or that the other Party has lost on or acknowledged the invalidity of its claims or defenses. If the Court does not approve the settlement, the Plaintiff, the Class, Mid-West, and their respective attorneys will not solicit or suggest any inquiry from the media or press regarding the proposed settlement; however, in the event of disapproval of the settlement, the Plaintiff, the Class, Mid-West, and their respective attorneys may answer

36

inquiries from the media, or press regarding the proposed settlement with objective statements of fact or good faith statements of counsel's opinion.

## XVII.  MISCELLANEOUS PROVISIONS

A.  Entire Agreement.  This Settlement Agreement and its Exhibits shall constitute the entire agreement of the Parties and shall not be subject to any change, modification, amendment, or addition without the express written consent of counsel on behalf of the Parties to the Settlement Agreement, and shall be binding on and inure to the benefit of the Parties hereof and their representatives, heirs, successors, and assigns.

B.  Illegality or Unenforceability of Provisions.  If any material provisions of this Settlement Agreement shall for any reason be held in whole or in part to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Settlement Agreement if Mid-West elects in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Settlement Agreement. If no such election is made, then the Settlement Agreement shall become null and void consistent with the terms described herein.  If any one or more of the remaining provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of the Settlement Agreement if the Parties elect in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Settlement Agreement.

37

If no such election is made, then the Settlement Agreement shall become null and void consistent with the terms described herein.

C.    Reservation of Rights.  Mid-West shall be responsible for all of the costs associated with issuing the Unearned Premium refunds pursuant to this Settlement Agreement, provided, however, Mid-West shall not be prohibited from seeking reimbursement of the refunds, fees, costs, or any other payments from its reinsurers, or any other third parties.

D.    Agreement Mutually Prepared.  This Settlement Agreement shall be deemed to have been mutually prepared by the Parties and shall not be construed against any of them by reason of authorship.

E.    Independent Investigation and Decisions to Settle.  The Parties understand and acknowledge that: (1) they have each performed an independent investigation of the allegations of fact and law made in connection with this action; and (2) they each may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Settlement Agreement.  Nevertheless, it is the Parties' intention to resolve their disputes pursuant to the terms of this Settlement Agreement and thus, in furtherance of their intentions, this Settlement Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts, law, or changes in law, and this Settlement Agreement shall not be subject to rescission or modification by reason of any change or difference in facts or law.

F.    Authority to Enter Into Agreement.  The Plaintiff, Class Members, and Mid-West represent and warrant that the persons signing this Settlement Agreement on their

behalf have full power and authority to bind each and all of them to all terms of the Settlement Agreement every person, partnership, corporation, or entity included within the definition of the Plaintiff, the Class, and Mid-West.

G.      No Promise or Inducement For Release.  The Parties warrant and represent that no promise or inducement has been offered or made for the Release contained in this Settlement Agreement except as set forth herein, that this Release is executed without reliance on any statements or any representations not contained herein and that this Settlement Agreement and its Release reflect the entire agreement between the Parties.  The warranties and representations made herein shall survive the execution and delivery of this Release and shall be binding upon the respective heirs, representatives, successors, and assigns of each of the Parties.

H.      Binding Agreement.  The Plaintiff, each Class Member, and Mid-West expressly agree that the terms of this Settlement Agreement and all provisions hereof, including all representations, promises, agreements, covenants, and warranties are contractual and not a mere recital and shall survive the execution of this Settlement Agreement and entry of the Final Order and Judgment and shall continue in full force and effect thereunder.  This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their representatives, heirs, successors, and assigns.

I.      Receipt of Advice of Counsel.  The Parties acknowledge, agree, and specifically warrant to each other that they have fully read this Settlement Agreement, received independent legal advice with respect to the advisability of entering into

this Settlement Agreement and the legal effect of this Settlement Agreement, and understand its full effect.

J.     Extension of Time.  The Parties may agree, subject to approval of the Court, to reasonable extensions of time to carry out the provisions of this Settlement Agreement.

K.     Execution of Agreement in Counterparts.  This Settlement Agreement may be executed in counterparts, and a facsimile signature shall be deemed an original signature for purposes of this Settlement Agreement.

L.     Retention of Jurisdiction.  Pursuant to the Final Order and Judgment, the Court shall retain continuing and exclusive jurisdiction over the Parties hereto for the purpose of enforcing, implementing, and interpreting this Settlement Agreement, including but not limited to all issues relating to scope, application and/or operation of the Release, including jurisdiction over all Class Members, and over the administration and enforcement of the Settlement Agreement and the benefits to Class Members.  To give full effect to this provision, the Court shall as necessary incorporate this Settlement Agreement into its Final Order and Judgment.  Any disputes or controversies arising out of or related to the interpretation, enforcement, or implementation of the Settlement Agreement shall be made by motion to the Court.  In addition, the Parties, including each member of the Settlement Class as defined in this Order, are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement.

M.     Controlling Law.  Any and all disputes relating to the interpretation of this Settlement Agreement shall be construed under and governed by the laws of the State of Ohio.

IN WITNESS WHEREOF, the Settlement Agreement has been executed by the undersigned counsel for the Parties as set forth below.

*For Plaintiff:*

By: *Cynthia Hrnyak*
     Cynthia Hrnyak

Date: 6-12-2009

By: *Austin Gower*
     Austin Gower

Date: 6-12-2009

CHARLES A. GOWER, P.C.
1425 Wynnton Rd.
P.O. Box 5509
Columbus, Georgia 31906
(706) 324-5685
(706) 322-2964 (FAX)

*Class Counsel*

R. Eric Kennedy
Daniel P. Goetz
WEISMAN KENNEDY & BERRIS CO., LPA
101 Prospect Avenue West
Suite 1600 Midland Building
Cleveland, Ohio 44115
(216) 781-111
(216) 781-6747 (FAX)

Don Barrett
DON BARRETT, PA
404 Court Square North
P.O.Box 987
Lexington, Mississippi 39095
(662) 834-2376
(662) 834-2628 (FAX)

*For Defendant Mid-West National Life*
*Insurance Company of Tennessee:*

MID-WEST NATIONAL LIFE INSURANCE
COMPANY OF TENNESSEE

By:

Its: CFO

Date: 6/16/09

42

Charles Barrett
BARRETT & ASSOCIATES, PA
6518 Highway 100
Suite 210
Nashville, Tennessee 37205
(615) 515-3393
(615) 515-3395 (FAX)